BRYSON, Circuit Judge,
concurring in part and concurring in the result in part.
I agree that the district court did not abuse its discretion in awarding Takeda attorney fees. As a practical matter, the task of determining whether a case is “exceptional” within the meaning of 35 U.S.C. § 285 so as to justify an award of attorney fees is necessarily committed almost entirely to the judgment of the district court. A district judge who has lived with a case and the lawyers for an extended period (four years in this case) is infinitely better situated than we are to make the kind of holistic judgments about the parties’ conduct of the litigation that are required to assess whether the case should be treated as exceptional and whether fees should be awarded. Where the trial court applies the proper legal standards and conducts a thorough review of the circumstances *1392 bearing upon the section 285 inquiry, there is little room for a reviewing court to second-guess the trial court’s judgment. In this case, the trial judge’s analysis was thorough and her finding that the case was exceptional was not based on the application of an erroneous legal standard. Under these circumstances, I agree with my colleagues that we cannot overturn the court’s judgment as to the applicability of sanctions under section 285.
With respect to the portion of the award attributable to expert witness fees, I would uphold the award, but on a narrow ground and with reservations. As the district court correctly understood, expert witness fees cannot be awarded as a sanction under section 285. For that reason, the court invoked the court’s inherent authority to justify the award of expert witness fees. See Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). While we have recognized that district courts can award expert fees in patent cases under their inherent authority, we have made clear that “not every case qualifying as exceptional under section 285 will qualify for sanctions under the court’s inherent power.” Amsted Indus. Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 378 (Fed.Cir.1994). To the contrary, a district court may resort to its inherent power to impose sanctions only in those highly unusual cases in which the pertinent statutory remedies are plainly inadequate to address the misconduct at issue. Amsted, 23 F.3d at 379 (“The court should resort to its inherent power only where the rules or statutes do not reach the acts which degrade the judicial system .... [C]ourts should only resort to further sanctions when misconduct remains unremedied by those initial tools.”); see also Martin v. Brown, 63 F.3d 1252, 1265 (3d Cir.1995) (“inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists”); In re Rimsat, Ltd., 212 F.3d 1039, 1048 (7th Cir.2000). Routine use of inherent authority to impose sanctions in addition to those authorized by applicable statutes risks contravening Congress’s judgment as to what sanctions are appropriate for particular misconduct. See, e.g., Corley v. Rosewood Care Ctr., Inc., 142 F.3d 1041, 1059 (7th Cir.1998); Klein v. Stahl GMBH & Co. Maschinefabrik, 185 F.3d 98, 110 n. 10 (3d Cir.1999). Where, as here, the district court’s award of attorney fees under section 285 and expert witness fees under its inherent authority are predicated on the same conduct, the district court must offer a reasoned explanation for why the award of attorney fees and expenses under section 285 is not a sufficient sanction for the conduct in question. See Corley, 142 F.3d at 1058-59 (“The court also should have explained why Rule 11 was inadequate to serve the court’s purposes.... ”).
There are obviously different degrees of unjustifiable conduct, and the district court must identify the considerations that justify distinguishing “between inappropriate conduct redressable under 35 U.S.C. §§ 284, 285 and egregious conduct which justifies resort to the inherent power to sanction.” Amsted, 23 F.3d at 378. The problem is that the standard required to justify invoking the court’s inherent authority to impose sanctions is extremely vague. The standard articulated by the Supreme Court permits a court to invoke its inherent powers if the court determines “that fraud has been practiced upon it, or that the very temple of justice has been defiled.” In this case, there is no suggestion that the defendants have engaged in fraudulent conduct. Instead, the court upholds the award of expert witness fees based on an abuse of judicial process, i.e., the “defiling the very temple of justice” rationale. Unfortunately, while that metaphor is colorful, it does not make for a *1393 very useful legal standard. What I take from the Supreme Court’s opinion in Chambers and our decision in Amsted is that cases in which it will be considered appropriate to impose “inherent authority” sanctions in addition to those already imposed pursuant to statute or rule will be very rare. Indeed, in Amsted we found that the district court’s exercise of its inherent power was unjustified even though the accused infringer continued to press its defenses knowing that they were merit-less, burdened the court with unnecessary motions, and violated a court order. Amsted, 23 F.3d at 378-79. While we acknowledged in Amsted that the sanctioned party had engaged in inappropriate conduct, we held that it did not constitute “egregious conduct” and “bad faith” of the sort necessary to justify resort to the inherent power to sanction. Id. at 379.
In this case, the district court found “overwhelming” evidence of “bad faith” by Alphapharm and found that Mylan engaged in “a host of bad faith litigation tactics, which increased the burden of this litigation enormously.” The court further ruled that an award of the costs associated with Takeda’s employment of experts “is particularly warranted in this case” because the defendants knew that their attacks on Takeda’s patent “were groundless and would only succeed if Takeda did not expend the effort and resources necessary to shine a light on the flaws in the defendants’ arguments.”
In my view, it is questionable whether that explanation, even as supplemented by the court’s detailed analysis in its sanctions opinion of September 20, 2006, is sufficient to meet the requirement of a satisfactory explanation for invoking the inherent authority to award expert witness fees. However, it is not necessary to decide that issue in this case, because the district court made clear that the amount of its overall award did not depend on the award of expert witness fees. In its March 21, 2007, opinion, the court remarked that Takeda “would certainly be fairly entitled to an enhancement of about $3 million, with $2 million charged to My-lan and $1 million charged to Alphapharm” in light of Takeda’s success and to “reflect the extensiveness of the misconduct here,” which prolonged and increased the burden of the litigation on Takeda. Although the court did not grant the enhancement, it stated that “an enhancement to the lodestar amount will not be separately awarded” because “Takeda’s expert fees are also being awarded.” The court thus made clear that if it were not able to award expert witness fees, it would grant the requested enhancement of the attorney fees. For that reason, it is clear that the award of expert witness fees, even if improper, did not result in a greater total fee award than the court otherwise would have imposed if it had been limited to basing its assessment on section 285 alone.[1] I therefore concur in this court’s action upholding the district court’s award to Takeda. That said, however, I believe it is important to emphasize that this case should not be viewed as an invitation for district courts to impose “inherent authority” sanctions liberally in patent cases, and that such awards, even if appropriate in some cases, should be very much the exception and not the rule.

. Several of the expenses included in the section 285 award would appear questionable as reasonable expenditures necessary to the prosecution of the case. Those include, for example, “[bjeverages while waiting at airport,” client dinners, and late fees for borrowed books. The appellants have not focused on those items in their briefs, however, and therefore I would not require a remand for a specific justification of those expenses.